**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04934-NYW

ASAEL ISRAEL EUCEDA,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
TODD BLANCHE, in his official capacity,
DAVID J. VENTURELLA,[1] in his official capacity,
MARKWAYNE MULLIN, his official capacity, and
GEORGE VALDEZ, in his official capacity,

Respondents.

---

**MEMORANDUM OPINION AND ORDER**

---

Before the Court is the Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"). Respondents filed a Response, [Doc. 5], and Petitioner replied, [Doc. 6]. After reviewing the record and the applicable law, the Petition is **GRANTED in part**.

**DISCUSSION**

Petitioner is a citizen of Honduras who entered the United States on or about December 12, 2024. [Doc. 1 at ¶¶ 2, 9, 24]. Shortly after entry, Petitioner turned

---

[1] In accordance with Federal Rule of Civil Procedure 25(d), David J. Venturella is automatically substituted for Todd Lyons as a Respondent in his official capacity. *See* [Doc. 5 at 1 n.1].

themselves[2] in to the Department of Homeland Security, and on or around January 9, 2025, they were released on their own recognizance. [*Id.* at ¶¶ 3–4, 25–27]. Since that point, Petitioner "participated in regular supervision." [*Id.* at ¶ 28]. They filed their application for asylum in August 2026, and their removal case remains pending through a timely filed appeal with the Board of Immigration Appeals. [*Id.* at ¶ 34]. *See* 8 C.F.R. § 1003.39; 8 U.S.C. § 1101(a)(47)(B).

On June 21, 2026, at a routine ICE check-in, Respondents arrested Petitioner "without a warrant and without probable cause." [*Id.* at ¶¶ 5, 32–33]. Petitioner alleges that Respondents provided Petitioner "no pre-deprivation notice or opportunity to contest their re-detention nor any explanation of new circumstances that justified the detention." [*Id.* at ¶ 6]. Petitioner is currently detained at the Denver Contract Detention Facility in Aurora, Colorado. [*Id.* at ¶ 9]. Petitioner asserts three claims: (1) Respondent's arrest of Petitioner without a warrant violated their constitutional rights; (2) Petitioner's detention without pre-deprivation process violates due process; and (3) Petitioner's continuing civil detention lacks the special justification required by the Fifth Amendment. [*Id.* at ¶¶ 36–64]. As relief, Petitioner requests immediate release. [*Id.* at ¶¶ 65–76].

As previously explained in detail by the Court, Section 1226 authorizes arrest and detention only "[o]n a warrant issued by the Attorney General," 8 U.S.C. § 1226(a), or without a warrant in very limited circumstances, 8 U.S.C. § 1357(a)(2). *See also Torres v. Baltazar,* No. 26-cv-04996-NYW, 2026 WL 3120698, at *2 (D. Colo. Oct. 19, 2026)

[2] The Petitioner uses they/them pronouns in their Petition, *see* [Doc. 1 at 3 ¶ 9], and accordingly, this Court follows suit.

(discussing the requirements for warrantless arrests). Respondents make no argument that Petitioner's arrest was proper or that his ongoing detention is justified. [Doc. 5 at 1–2] ("For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case."). Furthermore, "Respondents recognizes that the Court may then decide to grant the Petition and award appropriate relief." [*Id.* at 2]. Respondents assert that "the appropriate relief would be an Order directing that Respondents . . . release Petitioner from detention." [*Id.* at 1–2].

Because nothing in the record before this Court demonstrates that the Government complied with either § 1226(a) in obtaining a warrant prior to Petitioner's arrest or § 1357(a)(2), and because Respondents do not contest Petitioner's claim that they are entitled to immediate release, the Petition is **GRANTED in part** with respect to Petitioner's first claim. Respondents **SHALL RELEASE** Petitioner within **48 hours** of the entry of this Order. Because the Court has granted the requested relief, the Court need not address Petitioner's other claims.[3]

## CONCLUSION

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **GRANTED in part** as set forth herein;

(2) Respondents are **ORDERED** to release Petitioner, subject to any previous

[3] The Court finds that the need for injunctive relief, *see* [Doc. 1 at 20], is not "clearly established" at this time, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *6 (D. Colo. Feb. 24, 2026) (quotation omitted); *Ba*, 2026 WL 2654063, at *2 n.1, and this request is therefore denied.

conditions of supervision, **within 48 hours**; and

(3) No later than **November 4, 2026**, the Parties **SHALL FILE** a joint status report confirming Petitioner's release and informing the Court whether further proceedings are required.

DATED: October 28, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge